1
2
3
4
        UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
5
                    AT TACOMA
6
GERALD B.,
7                                           Case No. 3:19-cv-05680
                        Plaintiff,
8        v.                                  ORDER AFFIRMING
                                             DEFENDANT'S DECISION TO
9   COMMISSIONER OF SOCIAL                   DENY BENEFITS
    SECURITY,
10
                        Defendant.
11
12          Plaintiff has brought this matter for judicial review of Defendant's denial of his

13   application for disability insurance benefits ("DIB").

14          The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny

17   benefits.

18                      I.      ISSUES FOR REVIEW

19      1. Did the ALJ err in evaluating a rating determination from the
           Veteran's Administration ("VA")?
20      2. Did the ALJ properly evaluate Plaintiff's symptom testimony?
        3. Did the ALJ err in evaluating statements from other sources?
21      4. Did the ALJ err in assessing the medical opinion evidence?

22                      II.     BACKGROUND

23          Plaintiff served in the Air Force between 2006-2012 in Iraq and Afghanistan, and

24   was honorably discharged. AR 498.

25
    ORDER AFFIRMING DEFENDANT'S DECISION TO
    DENY BENEFITS - 1

Plaintiff filed an application for disability insurance benefits on March 27, 2018, alleging a disability onset date of December 14, 2017. AR 15, 147-153. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 15, 85-87, 89-91. Administrative Law Judge ("ALJ") Steve Lynch heard the case on March 6, 2019. AR 31-59. On March 26, 2019, the ALJ issued a decision finding that Plaintiff was not disabled. AR 12-26. On May 22, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of the ALJ's March 26, 2019 decision. Dkt. 4.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

In this case, ALJ found that Plaintiff had the severe, medically determinable impairments of obesity, herniated disc, post-traumatic stress disorder ("PTSD"), and migraines. AR 17. The ALJ also found that Plaintiff had the non-severe impairments of allergic rhinitis and fatty liver, and the non-medically determinable impairment of traumatic brain injury. AR 17-18.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 20. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform his past work, but

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

could perform other light, unskilled jobs; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 25-26, 55-58.

A.   <u>VA rating determination and underlying evidence</u>

Plaintiff contends that the ALJ erred by following a new regulation that does not require the ALJ to consider a disability rating determination from the VA. Dkt. 13, p. 9. The VA gave Plaintiff an 80-percent disability rating due to post-traumatic stress disorder, lumbosacral or cervical strain, limited flexion of the thigh, and migraines. AR 287.

The ALJ stated he was not providing any analysis of the VA's rating, consistent with 20 C.F.R. § 404.1520b(c), which explicitly states that an ALJ "will not" provide any analysis about how he or she evaluated a VA rating decision. AR 24.

Plaintiff contends that new SSA regulations -- that VA rating decisions are "inherently neither valuable nor persuasive" concerning whether a claimant is disabled – should not overrule Ninth Circuit case law. Dkt. 13, p. 9.

The Ninth Circuit has held that an ALJ must consider a VA rating determination and provide "persuasive, specific, valid reasons" for rejecting it, given the "marked similarity" between the two disability programs. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); *see also Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009). In addition, "[b]ecause the VA and SSA criteria for determining disability are not identical," the Ninth Circuit held the ALJ could give less weight to a VA disability rating by providing "persuasive, specific, valid reasons for doing so that are supported by the

1   record." *McCartey*, 298 F.3d at 1076 (citing *Chambliss v. Massanari*, 269 F.3d 520, 522

2   (5th Cir. 2001).

3          For disability claims filed before March 27, 2017, Social Security regulations

4   provided that decisions by other governmental agencies such as the VA concerning

5   disability were not binding on the Social Security Administration. 20 C.F.R. § 404.1504.

6          For disability claims filed on or after March 27, 2017, under regulations applicable

7   to Plaintiff's claim (filed on March 27, 2018), decisions by other governmental agencies

8   and nongovernmental entities, disability examiner findings, and statements on issues

9   reserved to the Commissioner (such as a statement a claimant is disabled) are

10  "inherently neither valuable nor persuasive to the issue of whether [a claimant is]

11  disabled." 20 C.F.R. § 404.1520b(c); AR 15, 147-153. The ALJ "will not provide any

12  analysis about how [the ALJ] considered such evidence in [the] determination or

13  decision[.]" *Id.*

14         As relevant in this case, 42 U.S.C. § 405(a) delegates to the Commissioner of

15  Social Security —

16         full power and authority to make rules and regulations and to establish
        procedures, not inconsistent with the provisions of this subchapter, which
17         are necessary or appropriate to carry out such provisions, and shall adopt
        reasonable and proper rules and regulations to regulate and provide for the
18         nature and extent of the proofs and evidence and the method of taking and
        furnishing the same in order to establish the right to benefits hereunder.
19
20         The Ninth Circuit has not ruled on whether, under the new regulations applicable

21  as of March 27, 2017 an ALJ is still required to provide persuasive, specific, valid

22  reasons for discounting a VA rating. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th

23  Cir. 2002) (noting the many similarities between the two programs, and concluding that

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

1   the VA criteria for evaluating disability are "very specific and translate easily into SSA's

2   disability framework.")

3   This Court is bound by precedent of the Ninth Circuit and may not overrule a

4   decision of the United States Court of Appeals for the Ninth Circuit. *See In re Albert-*

5   *Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020) (the decision of a three-judge panel

6   of the Ninth Circuit cannot be overruled by a different three-judge panel; only a decision

7   of the en banc panel of the Ninth Circuit, or a decision of the United States Supreme

8   Court, may overturn a decision of a three-judge panel of the Ninth Circuit); *In re*

9   *Walldesign, Inc.*, 872 F.3d 954, 969 (9th Cir. 2017) (unless there is intervening Supreme

10  Court or Ninth Circuit en banc precedent, a legal test that has been adopted by a three-

11  judge panel will not be overturned); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir.

12  2001) (published opinions of a three-judge panel are binding authority in the Ninth

13  Circuit, unless a published opinion is overturned by an en banc decision, or the United

14  States Supreme Court); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455

15  (2015) ("Overruling precedent is never a small matter.").

16  Yet courts must defer to a new regulation, even where it conflicts with prior

17  judicial precedent, unless the Court finds the prior judicial construction "follows from the

18  unambiguous terms of the statute and thus leaves no room for agency discretion." *Nat'l*

19  *Cable & Telecomms. Ass'n v. Brand X Internet Service*s, 545 U.S. 967, 982-83 (2005).

20  The applicable regulations require an ALJ to consider "all of the supporting

21  evidence underlying the other governmental agency or nongovernmental entity's

22  decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1)-

23  (4)." 20 C.F.R. § 404.1504. This requirement is similar to the portion of the *McCartey v.*

24

25

1    *Massanari*, decision that holds the ALJ may "give less weight to a VA disability rating if

2    [s]he gives persuasive, specific, valid reasons for doing so that are supported by the

3    record." *See Diaz v. Commissioner of Social Security,* No. 2:19-cv-537-KJN, 2020 WL

4    2732027 (E.D. Cal., May 26, 2020) (new regulation points the ALJ away from the other

5    agency's rating and directs the inquiry to the underlying evidence).

6           Therefore the ALJ is required to consider all the evidence underlying the VA's

7    decision -- at least, all the evidence that was presented to the VA and is also presented

8    to the Social Security Administration, and to provide analysis of any significant,

9    probative evidence contained in the VA records. 20 C.F.R. § 404.1504; *Flores v.*

10   *Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (An ALJ "may not reject 'significant

11   probative evidence' without explanation.")

12          Here, Plaintiff argues that the ALJ should have considered the rating decision of

13   the VA, but is not challenging whether the ALJ did, or did not, consider the evidence

14   upon which the VA decision was based. 20 C.F.R. § 404.1520b(c) explicitly prevents an

15   ALJ from analyzing a VA rating decision, and therefore, the ALJ did not err by declining

16   to evaluate the VA's rating decision.

17          B.   Whether the ALJ erred in assessing Plaintiffs testimony

18          Plaintiff contends that the ALJ did not provide clear and convincing reasons for

19   discounting his symptom testimony. Dkt. 13, pp. 9-17.

20          In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

21   *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

22   there is objective medical evidence of an underlying impairment that could reasonably

23   be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 6

1  F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

2  evidence of malingering, the second step allows the ALJ to reject the claimant's

3  testimony of the severity of symptoms if the ALJ can provide specific findings and clear

4  and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

5  *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

6         In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's

7  allegations concerning his physical and mental impairments were inconsistent with the

8  medical record; (2) Plaintiff received unemployment benefits after his alleged disability

9  onset date; and (3) Plaintiff's allegations were inconsistent with his self-reported

10  activities of daily living. AR 20-22.

11         In citing Plaintiff's receipt of unemployment benefits, the ALJ has provided a clear

12  and convincing reason for discounting Plaintiff's testimony. The ALJ reasoned that to

13  receive unemployment benefits, Plaintiff was required to certify that he was willing and

14  able to work full-time, which is inconsistent with Plaintiff's allegation that he was

15  disabled during this period. AR 21, 314-15; Wash. Admin. Code 192-170-010; *Ghanim*

16  *v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (receipt of unemployment benefits can

17  cast doubt on a claim of disability, as it shows that an applicant holds himself out as

18  capable of working).

19         Harmless error principles apply in the Social Security context. *Molina v. Astrue*,

20  674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to

21  the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination."

22  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*,

23  674 F.3d at 1115. The determination as to whether an error is harmless requires a

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7

1   "case-specific application of judgment" by the reviewing court, based on an examination

2   of the record made "'without regard to errors' that do not affect the parties' 'substantial

3   rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407

4   (2009)).

5        Since the ALJ had one clear and convincing reason to discount Plaintiff's

6   testimony, the Court will not address the remaining reasons. *Molina v. Astrue*, 674 F.3d

7   1104, 1115 (9th Cir. 2012).

8        C.   Whether the ALJ erred in evaluating evidence from other sources

9        Plaintiff contends the ALJ erred in evaluating evidence from physician's assistant

10   Emad S. Aboujaoude, PA-C[1] and by not evaluating a statement from Plaintiff's fiancé.

11   Dkt. 13, pp. 3-4, 17-18.

12        1.   Mr. Aboujaoude

13        After performing a Compensation and Pension examination for the VA in June

14   2017, Mr. Aboujaoude opined that Plaintiff "would not be well suited for physically

15   demanding work requiring repetitive bending twisting and lifting type activities" (sic). AR

16   287-97.

17        Under 20 C.F.R. § 404.1520c(a), (b)(1)-(2), the ALJ is required to explain

18   whether the medical opinion or finding is persuasive, based on whether it is supported

19   and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration,*

20   No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

21   These are the two most important factors in the ALJ's evaluation of medical opinions or

22

23   _____

24   [1] When Plaintiff filed his application, the regulation effective March 27, 2017 applied; therefore physician assistants are considered acceptable medical sources. 20 C.F.R. § 404.1502(a).

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 8

findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul,* No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2), Also, according to 20 C.F.R. § 404.1520c(b)(3), when an ALJ finds that two or more opinions are equally supported and consistent and bear on the same issue, the ALJ must consider and articulate how other factors were considered. The ALJ is required to specifically state how they addressed the factors of supportability and consistency; in some situations, the ALJ is required to state how they addressed other factors; and the Court is required to consider whether substantial evidence supports the ALJ's analysis and decision in this regard. *Linda F. v. Saul,* at *2.

The ALJ found that Mr. Aboujaoude's opinion was "not persuasive" because: (1) it was vague and not written in clear, functional terms; (2) it was inconsistent with the results of Mr. Aboujaoude's examination, which was essentially normal; and (3) Mr. Aboujaoude was not familiar with Social Security regulations, and his examination was conducted for purposes separate and distinct from Social Security determinations. AR 24.

With respect to the ALJ's first reason, the ALJ is responsible for translating and incorporating clinical findings into a succinct residual functional capacity ("RFC"). *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ included in the RFC a range of lifting and bending limitations consistent with Mr. Aboujaoude's examination, including a restriction of lifting and carrying up to 20 pounds occasionally, and restricting Plaintiff to occasional climbing, kneeling, crawling,

stooping, and crouching. AR 20; Social Security Ruling ("SSR") (distinguishing between two types of bending: stooping (bending the body downward and forward by bending the spine at the waist) and crouching (bending the body downward and forward by bending both the legs and spine)).

Even if the ALJ erred in discounting Mr. Aboujaoude's opinion because it was vague, the RFC assessed by the ALJ is broadly consistent with the limitations assessed Mr. Aboujaoude, and any error would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

2. Plaintiff's Fiancé

Plaintiff's fiancé offered several statements to Plaintiff's providers concerning his symptoms. During a December 2018 appointment with neuropsychologists Sandy Tadrous-Furnanz, M.A., and Daniel Storzbach, Ph.D., Plaintiff's fiancé gave statements that supported Plaintiff's description of his cognitive and memory problems. AR 496-98. During another December 2018 appointment with Dr. Lee, Plaintiff's fiancé (in this report, identified by medical providers as his wife) stated that Plaintiff struggles with depression, low motivation, and a lack of energy. AR 547.

Friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (In determining whether a claimant is disabled, an ALJ must consider, and cannot disregard without comment, lay witness testimony concerning a claimant's ability to work).

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 10

Here, the ALJ considered the examinations conducted by Ms. Tadrous-Furnanz, Dr. Storzbach, and Dr. Lee, opting to focus on the normal results of Dr. Lee's mental status examination, Dr. Storzbach's observation that Plaintiff's performance on cognitive testing was largely in the average to very superior range, and Dr. Storzbach's statement that Plaintiff's marijuana use was a "significant contributor" to Plaintiff's cognitive complaints. AR 22, citing AR 496-501, 547-48.

The ALJ considered the medical and psychological evaluations cited by Plaintiff, and emphasized the inconsistency between this evidence and the allegations made by Plaintiff and his fiancé -- rather than focusing on the precise statements made by Plaintiff's fiancé/spouse. Statements of Plaintiff's fiancé were similar to, and largely confirmed, Plaintiff's own allegations; and those allegations were properly discounted by the ALJ (*see supra* Section IV.B); *see Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld) (internal citation omitted).

D.  Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff contends that the ALJ erred in assessing the opinion of non-examining state agency consultant Alnoor Virji, M.D., who in May 2018 opined that Plaintiff would be able to perform light work with a range of postural limitations. Dkt. 13, p. 9; AR 67-68. The ALJ found Dr. Virji's opinion "persuasive," reasoning that it was supported by the record, but that additional evidence submitted at the hearing level justified additional sitting, standing, and environmental limitations. AR 23.

1   Plaintiff contends that Mr. Aboujaoude's opinion is entitled to more weight

2   because he actually examined Plaintiff. Dkt. 13, p. 9. Even if the ALJ erred in evaluating

3   Mr. Aboujaoude's opinion, the ALJ was not required to give more weight to Mr.

4   Aboujaoude's opinion merely because he examined Plaintiff. 20 C.F.R. § 404.1520c

5   (The Social Security Administration will not defer or give any specific evidentiary weight,

6   including controlling weight, to any medical opinion(s) or prior administrative medical

7   finding(s), including those from [a claimant's] medical sources.")

8   Accordingly, the ALJ did not err in assessing Dr. Virji's opinion.

9   <u>CONCLUSION</u>

10   Based on the foregoing discussion, the Court finds the ALJ properly determined

11   Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

12   AFFIRMED.

13   Dated this 16th day of February 2021.

14

15

16   *Theresa L. Fricke*

17   Theresa L. Fricke
    United States Magistrate Judge

18

19

20

21

22

23

24

25